1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD ROY GIBBONS,

                Plaintiff,

v.

BOB FERGUSON,

                Defendant.

CASE NO. C13-5189 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

13      This matter comes before the Court on Plaintiff Todd Roy Gibbons's ("Gibbons")

14 application to proceed in forma pauperis (Dkt. 1) and Gibbons's proposed complaint

15 (Dkt. 1-1).

16      On March 14, 2012, Gibbons filed a motion to proceed *in forma pauperis* and a

17 proposed complaint. Gibbons alleges that the United States, through the Washington

18 Attorney General and local medical facilities, has caused him to receive an improper

19 medical diagnosis in early 2005. Dkt. 1-1. Gibbons alleges that the improper diagnosis

20 caused the unfavorable decision in his recent claim for social security benefits. *Id*.

21      The district court may permit indigent litigants to proceed *in forma pauperis* upon

22 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the

"privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

In this case, Gibbons's complaint fails to establish that the Court has subject matter jurisdiction. Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), tort claims against qualified and federally funded physicians and clinics are claims against the United States under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233. Gibbons has failed to allege that the physicians or clinics that diagnosed him were qualified under the FSHCAA. Although these deficiencies may be solved by amending the complaint, the more fundamental problem of filing an administrative claim within the statute of limitations may not be solved by any amendment. On this issue, the statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely. *McNeil v. United States*, 508 U.S. 106, 111 (1993). Gibbons has failed to show that he has exhausted his administrative remedies under the FTCA within the two-

1 year statute of limitations. Therefore, the Court **DENIES** Gibbons's motion to proceed

2 *in forma pauperis* (Dkt. 1) because it must **DISMISS** his complaint for lack of subject

3 matter jurisdiction.

4     **IT IS SO ORDERED.**

5     Dated this 20th day of March, 2013.

                              BENJAMIN H. SETTLE
                              United States District Judge